UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MELISSA K. BOWLING, | ) |
| *Plaintiff,* | ) Case No. 3:23-cv-272 |
| v. | ) Judge Atchley |
| CONSTRUCTION LOAN SERVICES II, LLC, | ) Magistrate Judge Poplin |
| *Defendant.* | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Construction Loan Services II, LLC's ("CLS") Motion to Dismiss. [Doc. 10]. CLS seeks dismissal of Plaintiff's claims for numerous reasons, including that she lacks standing. Because Plaintiff indeed lacks standing, CLS's motion will be **GRANTED**, and this matter will be **DISMISSED WITHOUT PREJUDICE**.

I. **FACTUAL BACKGROUND**

This lawsuit involves a dispute over a loan's current balance. On December 3, 2021, Defendant CLS loaned Venture Real Estate Investments LLC ("Venture") $465,268.22. [Doc. 7 at ¶ 17; Doc. 10-2 at 1]. Plaintiff Melissa Bowling, proceeding pro se, guaranteed the loan through her execution of an Unconditional Guaranty. [Doc. 7 at ¶ 3; Doc. 10-4]. Venture and CLS agreed to refinance the original loan on January 10, 2023, and Ms. Bowling once again guaranteed the loan via an Unconditional Guaranty. [Doc. 10-7; Doc. 10-10].

Both before and after the refinancing, Ms. Bowling alleges that CLS unlawfully increased the loan's balance and interest rate. [Doc. 7 at ¶ 18–25]. She asserts that despite a fixed interest rate of 9%, CLS increased the loan's interest rate to 14.24% over a six-month span. [*Id.*]. During this timeframe, Ms. Bowling claims that the loan's balance increased by $137,057.38. [*Id.* at ¶ 31].

For these alleged wrongs, Ms. Bowling brings several claims against CLS. She seeks a declaratory judgment that the loan's correct balance is $403,503.37. [*Id.* at ¶ 41–49, 101]. In addition, Ms. Bowling seeks to hold CLS liable for unjust enrichment, fraudulent misrepresentation, and violations of the Tennessee Consumer Protection Act ("TCPA") and Fair Debt Collection Practices Act ("FDCPA"). [*Id.* at ¶ 50–100].

Ms. Bowling filed this lawsuit on August 2, 2023, originally naming herself and Venture as pro se plaintiffs. [Doc. 1]. Recognizing the well-established rule that corporate entities may not proceed pro se, the Court ordered Venture to obtain counsel. [Doc. 6]. Venture did not obtain counsel, and Ms. Bowling instead filed an amended complaint that removed Venture as a plaintiff. [Doc. 7]. The amended complaint is virtually identical to the original complaint, with the only apparent difference being that the amended complaint does not list Venture as a party. [*Compare* Doc. 1 ¶ 1–5, *with* Doc. 7 at ¶ 1–4]. CLS filed a Motion to Dismiss [Doc. 10] Plaintiff's amended complaint, and that motion is now ripe for the Court's review.

## II. STANDARD OF REVIEW

On a motion to dismiss, the Court "must accept as true 'well pleaded facts' set forth in the complaint." *In re Comshare Inc. Sec. Litig.*, 183 F.3d 542, 548 (6th Cir. 1999) (citation omitted). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Generally, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). "The [plaintiff's] factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). "Mere

2

labels and conclusions are not enough; the allegations must contain 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* at 575 (quoting *Ashcroft*, 556 U.S. at 678). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678, and the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

### III. ANALYSIS

CLS argues that all of Ms. Bowling's claims are subject to dismissal for the same reason: she lacks standing to raise them. According to CLS, Ms. Bowling's status as a guarantor does not provide her with standing to assert claims that actually belong to Venture. [Doc. 11 at 1]. Ms. Bowling does not offer much argument on this point, beyond stating that she decided to proceed without Venture in light of her personal liability as a guarantor.[1] [Doc. 14 at 1–2]. The Court agrees with CLS and concludes that Ms. Bowling lacks standing. For this reason alone, her claims are subject to dismissal.

Rooted in separation of powers, the standing doctrine places limits on what cases the federal courts may hear. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559–60 (1992). The party invoking federal jurisdiction, often the plaintiff, bears the burden of establishing standing. *Id.* at 561 (citations omitted). To meet this burden, the plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citations omitted). Plaintiffs generally cannot obtain standing by asserting a third party's rights.

---

[1] Ms. Bowling similarly claims in a sur-reply that she has standing because she shares in liability as a guarantor. [Doc. 16 at 1]. Though this argument is essentially the same as the one she raises in her response, the Court will not consider Ms. Bowling's sur-reply because she did not move to file a sur-reply. The Court's local rules make clear that sur-replies may only be filed with prior approval of the Court. E.D. Tenn. L.R. 7.1(d).

3

*Crawford v. U.S. Dep't of Treasury*, 868 F.3d 438, 455 (6th Cir. 2017) (citing *Coyne ex rel. Ohio v. Am. Tobacco Co.*, 183 F.3d 488, 494 (6th Cir. 1999)). They must instead rely on their own legal rights to obtain standing in federal court. *Id.*

The Sixth Circuit has addressed how these standing rules apply to guarantors. In *Quarles v. City of East Cleveland*, the plaintiff, as guarantor of a corporation's loans, filed suit against the defendants because they allegedly treated competitor corporations more favorably. No. 99-3050, 1999 WL 1336112, at *1 (6th Cir. Dec. 20, 1999) (per curiam). The plaintiff argued that his personal liability as a guarantor provided him with standing to bring claims on the corporation's behalf. *Id.* at *4. Rejecting that argument, the Sixth Circuit concluded that the plaintiff lacked standing because he "failed to allege any individual injury unrelated to the supposed harm visited upon the corporation itself." *Id.* at *5. For a guarantor such as the plaintiff to have standing, his injury "must not stem from the harm done to the corporation. Instead, any redressable injury must flow from individualized harm done to the plaintiff, separate from any claims that the corporation may assert." *Id.* at *4 (citations omitted).

Later decisions have applied *Quarles* to reach the same conclusion. *See, e.g.*, *VFS Leasing Co. v. J & L Trucking, Inc.*, No. 1:09-cv-2942, 2011 WL 3439525, at *3–4 (N.D. Ohio Aug. 5, 2011) (holding that plaintiff, guarantor of the corporation's debts, lacked standing to bring breach of warranty and tort claims because his claims were not distinct from any claim the corporation may have asserted and did not result from individualized harm). The upshot of *Quarles* and subsequent cases is clear: a guarantor of a corporate entity's debt cannot obtain standing simply by alleging an injury that stems from harm done to the corporation.[2]

---

[2] The parties' loans provide that Washington state law applies when interpreting and enforcing the agreements. [Doc. 10-2 at 17; Doc. 10-8 at 14]. Even if the Court applied Washington state and Ninth Circuit law to assess standing, the result would be the same, as the Ninth Circuit has similarly held that guarantors lack standing to vindicate harms done to a corporation. *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1998).

Ms. Bowling has not met her burden to establish standing. Ms. Bowling's chief complaint is that CLS wrongfully and fraudulently increased the interest rate and balance of its loan to Venture. Obviously, the alleged increase in the interest rate and balance, if true, harms Venture because it would owe more money to repay the loan. Ms. Bowling's claims for unjust enrichment, fraudulent misrepresentation, and violations of the TCPA and FDCPA seek to redress this harm. But these claims do not implicate any individualized harm done to Ms. Bowling. Instead, Ms. Bowling's claims are identical to any claims Venture would assert and did assert in the original complaint. It is telling that when Venture was still a party to this action, the claims it asserted in the original complaint were identical to the claims Ms. Bowling now asserts on her own behalf. This procedural history all but confirms that Ms. Bowling's claims relate to and are merely derivative of the harm allegedly inflicted against Venture. Put simply, Ms. Bowling's claims stem from alleged harm done to Venture, and her status as its guarantor does not confer her with standing.

Ms. Bowling's lack of standing resolves this matter, but the Court must address her request in the alternative to file an amended complaint. Ms. Bowling makes this request in her response brief. [Doc. 14 at 6–8]. She did not file a formal motion to amend her complaint. The Sixth Circuit has explained that plaintiffs may not amend their complaint in a response brief. *Bates v. Green Farm Condo. Ass'n*, 958 F.3d 470, 483 (6th Cir. 2020) (citations omitted). They must instead file a motion requesting an opportunity to amend. *Id.* And a plaintiff seeking to amend her complaint should normally provide a copy of the proposed amendment. *Kuyat v. BioMimetic Therapeutics, Inc.*, 747 F.3d 435, 444 (6th Cir. 2014) (citation omitted). Ms. Bowling did neither of these things. Because Ms. Bowling did not file a motion to amend her complaint or offer a copy of any proposed amendment, her request is denied.

## IV. CONCLUSION

Plaintiff Melissa Bowling has failed to demonstrate that she has standing to pursue her claims. Accordingly, Defendant Construction Loan Services II, LLC's Motion to Dismiss [Doc. 10] is **GRANTED**. This matter is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**